IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BHUPINDER SINGH,

    Plaintiff,

    v.                                                                                No. CIV 10-0775 JB/LAM

CURRY COUNTY SHERIFFS OFFICE
REGION IV TASK FORCE,

    Defendant.

**ORDER**

    **THIS MATTER** comes before the Court on the Plaintiff's Motion To Dismiss Complaint, filed August 27, 2010 (Doc. 5). Because no opposing party has served an answer or a motion for summary judgment, Plaintiff Bhupinder Singh may dismiss the action by filing a notice. See Fed. R. Civ. P. 41(a)(1)(A)(i). His motion is the functional equivalent of a notice under the rule. See Williams v. Ezell, 531 F.2d 1261, 1263 (5th Cir. 1976). "That document itself closes the file. . . . This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file." American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)(interpreting former version of rule), quoted in Janssen v. Harris, 321 F.3d 998, 1000 (10th Cir. 2003). Because Singh dismissed this action on August 27, 2010, the Court will direct the Clerk to close the file.

    Singh asks the Court to return all fees. The Court has found no authority that would allow it, under these circumstances, to return Singh's fees. Indeed, the authorities that the Court has reviewed generally reject such requests. See, e.g., Branham v. Nicholson, 125 Fed. Appx. 308, 308-09 n.* (Fed. Cir. 2005)("Branham asks for the return of his filing fee. However, the fee is

nonrefundable."); <u>Estrada v. Dwyer</u>, 37 Fed. Appx. 88, 88 (5th Cir. 2002)("Estrada also asserts that . . . the court should return a district court filing fee that he previously paid[, but] Estrada cites no authority that would allow this court to return the filing fee, and his request is rejected."); <u>Selby v. State</u>, No. 93-4015-SAC, 1993 WL 153942, at *1 (D. Kan. Apr. 27, 1993)("The court is not a bank and filing fees are not deposits subject to later withdrawal.  The court finds the plaintiff's reasons insufficient and the circumstances inappropriate for a return of the filing fee.")(footnotes omitted).  Moreover, the docket reflects that Singh has not paid any fees in this case, and the District of New Mexico's financial department has no record of Singh making any payments.  In other words, there is nothing for the Court to return.  The Court thus denies this request in Singh's motion.

      **IT IS ORDERED** that the Plaintiff's Motion To Dismiss Complaint is granted in part and denied in part.  The Complaint is dismissed.  The motion is otherwise denied.  The Court will enter final judgment concurrently with this Order.

                                                _____
                                                  UNITED STATES DISTRICT JUDGE

*Parties*:

Bhupinder Singh
Clovis, New Mexico

      *Plaintiff pro se*